**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **HEALTH PAYER CONSORTIUM, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | **Case No.:** |
| ) | |
| ) | |
| **FIRST BRANDS GROUP, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, Defendant First Brands Group, LLC, ("First Brands"), by and through its undersigned attorney, hereby gives notice of removal of the instant action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri based on diversity jurisdiction. In support, First Brands states:

**BACKGROUND**

1. On March 25, 2025, Health Payer Consortium, LLC ("Plaintiff") filed the above-captioned action by filing Plaintiff's Petition in the Circuit Court of St. Louis County, Missouri against First Brands (the "State Court Action").

2. First Brands was served on March 28, 2025. In accordance with 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders are attached as **Exhibit A**.

3. Under 28 U.S.C. § 1446(b), removal is timely if filed within thirty (30) days after a defendant is served with a summons and initial pleading. First Brands was served with the Summons and Plaintiff's Petition on March 28, 2025, and thus, this removal is timely filed.

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because there is complete diversity between all parties and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court because at the time of removal, the underlying action was pending in the County of St. Louis, which is encompassed within the judicial district of the United States District Court for the Eastern District of Missouri.

6. Except for Plaintiff's Petition, there are no other filings or proceedings pending in the State Court Action.

## GROUNDS FOR REMOVAL

### A. Diversity of Citizenship

7. Removal of this action is proper under 28 U.S.C. § 1441(b) and it is within this Court's jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff is considered a citizen of Missouri and First Brands is considered a citizen of Delaware and Ohio and the amount in controversy exceeds $75,000. *See* Exhibit A, at Plaintiff's Petition, ¶¶ 1, 2, and 30; *and see* Disclosure Statement of First Brands made pursuant to F.R.C.P. 7.1 and Local Rule 2.09 ("Corporate Disclosure of First Brands"). (D.I. 03).

8. For diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

#### 1. The Determination of Citizenship for a Limited Liability Company

9. For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of each of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975

(8th Cir. 2015) (quoted case omitted). Consequently, the Court must examine the citizenship of each member of the limited liability company to determine whether it has diversity jurisdiction. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

### a. Plaintiff is a citizen of Missouri

10. Plaintiff is limited liability company organized in the State of Missouri and its principal place of business is in St. Louis County. *See* Exhibit A, at Plaintiff's Petition, ¶ 1. Plaintiff did not plead the citizenship of its members of the limited liability company. *See generally* Exhibit A. Upon information and belief, Plaintiff's members are not citizens of Delaware or Ohio. To this end, Plaintiff's owner appears to be Daniel Schmitt and Cindy E Schmitt (the "Schmitt's"). The Schmitt's list an office address of 1141 South 7th Street, St. Louis, Missouri and thus, are domiciled in the State of Missouri.

### b. First Brands is a citizen of Delaware or Ohio

11. First Brands is a limited liability company organized in and under the laws of the State of Delaware and maintains a principal place of business in Cleveland, Ohio.[1] *See Corporate Disclosure of First Brands*. The sole member of First Brands is First Brands Group Intermediate, LLC, which is organized in and under the laws of the State of Delaware and maintains a principal place of business in Cleveland, Ohio. *See id.* The sole member of First Brands Group Intermediate, LLC is First Brands Group Holdings, LLC, which is organized in and under the laws of the State of Delaware and maintains a principal place of business in

---

[1] In paragraph 2 of Plaintiff's Petition, Plaintiff erroneously alleges First Brands maintains a principal place of business in Michigan.

3

Cleveland, Ohio. *See Corporate Disclosure of First Brands*. The sole member of First Brands Group Holdings, LLC is Brake Parts Holdings, Inc., which is incorporated in the State of Delaware and maintains its principal place of business in Cleveland, Ohio. *See id.*

12. Accordingly, there is complete diversity of citizenship between Plaintiff and First Brands.

B. **Amount in Controversy**

13. Pursuant to 28 U.S.C. 28 U.S.C. § 1332(a)(1), for removal based on diversity jurisdiction, the action's amount in controversy must "exceed[] the sum or value of $75,000.00, exclusive of interest and costs."

14. A "removing party has met its burden of proof if 'a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.'" *Highfill v. Great Life Kansas City, LLC*, 2019 WL 13204215, at *2 (W.D. Mo. 2019) (*quoting Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co, LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

15. Here, Plaintiff alleges the amount of damages at issue in the instant action exceeds $75,000. *See* Exhibit A, at Plaintiff's Petition, ¶ 30.

4

## **CONCLUSION**

16. As required by 28 U.S.C. § 1446(d), a Notice of Filing of Removal (without exhibits) will be filed with the Circuit Court of St. Louis County, Missouri and written notice provided to Plaintiff's counsel.

17. To the extent this Court determines additional information is needed to determine whether removal of this matter is proper, First Brands requests this Court provide it leave to supplement such additional information that the Court deems necessary to make such a determination.

18. First Brands will file its Answer or otherwise respond to Plaintiff's Petition within seven (7) days after filing the Notice of Removal, pursuant to F.R.C.P. 81(c)(2)(C).

19. First Brands reserves all defenses to the claims alleged by Plaintiff.

WHEREFORE, Defendant First Brands Group, LLC respectfully gives notice that the State Court Action from the Circuit Court of St. Louis County, Missouri is removed to the United States District Court for the Eastern District of Missouri, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted this 25th day of April 2025.

/s/ Jason S. Leiker
Jason S. Leiker       MO Bar No. 53973
**FOX ROTHSCHILD LLP**
4900 Main Street, Suite 150
Kansas City, MO 64112
Tel: (816) 919-7900
Fax: (816) 919-7901
EM: JLeiker@Foxrothschild.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April 2025, I electronically transmitted this Certificate of Service to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and also served a copy via e-mail and regular mail:

Brian E. McGovern
Alexander J. Lindley
**McCARTHY, LEONARD & KAEMMERER, L.C.**
825 Maryville Centre Drive, Suite 300
Town & Country, MO 63107
Tel:  (314) 392.5200
Fax:  (314) 392.5221
bmcgovern@mlklaw.com
alindley@mlklaw.com
**ATTORNEYS FOR PLAINTIFF**

/s/ Jason S. Leiker
Jason S. Leiker