## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| HEALTH PAYER CONSORTIUM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST BRANDS GROUP, LLC, | ) | Division No. |
| | ) | |
| **HOLD FOR SERVICE** | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S PETITION

COMES NOW Health Payer Consortium, LLC ("HPC" or "Plaintiff"), by and through the undersigned counsel, and for its Petition against Defendant First Brands Group, LLC ("First Brands" or "Defendant") hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Missouri limited liability company with its principal place of business in St. Louis County at 2337 Weldon Parkway, Maryland Heights, Missouri 63146.

2. Defendant is a Michigan limited liability company with its principal place of business in Oakland County at 3255 W Hamlin Rd, Rochester Hills, Michigan 48309 at all times relevant doing business within the State of Missouri.

3. Jurisdiction and venue are proper in this Court pursuant to RSMo. § 508.010.2(4).

### FACTUAL BACKGROUND

4. HPC provides medical costs auditing services to lower the overall costs of healthcare claims for clients by providing cost management solutions such as medical bill review and claim editing to a wide range of businesses, with customers throughout the United States.

5. HPC prides itself on being one of the most efficient and successful companies in the industry thanks to its unique cost management solutions/services and intensive bill review and claim editing processes which allow HPC to deliver the largest savings in the industry on large and small claims including, but not limited to, in and out of network claims.

6. In early 2023, Kathleen Harris and Amber Hartman, both representatives of FBG contracted with HPC and requested its assistance in settling certain medical claims on behalf of FBG. The claims related to treatment provided for a minor child (identified herein as G.G.) for treatments the minor child received while a patient at Ann & Robert H. Lurie Children's Hospital in Chicago, Illinois (the "Claims"). FBG and HPC entered into a fee agreement in which FBG offered to pay to HPC a fee equal to 25% of the savings realized on the billing.

7. For several months, HPC expended significant time and resources in its effort to obtain a settlement and reduction of the Claims.

8. Ultimately, in June 2024 because of HPC's efforts, Ann & Robert H. Lurie Children's Hospital agreed to accept a $2,500,000 payment for at least nine (9) accounts that added up to $5,776,554.51 in billed charges.

9. HPC and its consultants had numerous calls with FBG regarding the final settlement and HPC's fees, including Harris, Hartman, and General Counsel Tess Peterson.

10. On numerous occasions, Ms. Peterson, via telephone calls with HPC's consultant, agreed to both the underlying settlement amount with Ann & Robert H. Lurie Children's Hospital and for HPC's fee.

11. Typically, for the services described herein, HPC charges 25% of the savings realized on the billing. However, as a result of these discussions with Ms. Peterson, the parties agreed, on June 20, 2024, to reduce HPC's fee to $450,000.00, just under 14% of savings.

12. Thereafter, HPC made numerous attempts to contact FBG regarding payment of this outstanding amount but to date, FBG has been unresponsive and has refused and/or failed to pay the amounts previously agreed upon.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

13. HPC incorporates by reference the foregoing allegations as though fully set forth herein.

14. FBG and HPC entered into a valid and enforceable agreement (the "Agreement") wherein HPC agreed to provide its services to settle certain Claims for FBG in consideration for FBG's payment of HPC's service fees.

15. HPC fulfilled all of its obligations under the Agreement by settling the Claims in June, 2024.

16. Despite full performance by HPC, FBG refused and failed to pay HPC's fees.

17. In failing and/or refusing to pay HPC's fees, FBG materially breached the Agreement.

18. HPC did not first materially breach the Agreement with respect to any of the Defendants and has not excused their non-performance.

19. As a direct and proximate result of FBG's' breach, HPC has been damaged.

WHEREFORE, Plaintiff HPC, prays for judgment in its favor and against Defendant FBG under Count I of Plaintiff's Petition for compensatory damages in an amount fair and reasonable to be proven at trial, for pre- and post-judgement interest, and for any such further relief the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

20. HPC incorporates by reference the foregoing allegations as though fully set forth herein.

21. HPC provided the aforementioned services at the request of FBG.

22. As a result, the FBG received a benefit.

23. FBG has not compensated HPC for these services.

24. As a result of the foregoing benefits, FBG was enriched at HPC's expense.

25. It would be unjust to allow FBG to retain said benefit without compensating HPC.

WHEREFORE, Plaintiff HPC prays for judgment in its favor and against Defendant FBG under Count II of Plaintiff's Petition, for compensatory damages and Defendant's disgorgement of any benefits, profits, or other unjust enrichment obtained by Defendant, and for further relief the Court deems just and proper.

## COUNT III – QUANTUM MERUIT

26. HPC incorporates by reference the foregoing allegations as though fully set forth herein.

27. At the special insistence and request of FBG, HPC furnished certain work and labor for FBG, which was accepted from HPC by FBG.

28. The fair and reasonable value of the work and labor furnished by HPC for FBG, and for which HPC has not been paid, is $450,000.00.

29. The aforesaid work and labor were furnished and supplied by HPC for the benefit of FBG and FBG will be unjustly enriched unless it is obligated to pay HPC the reasonable value of the aforesaid work and labor furnished by HPC, for which HPC has not been paid.

30.     After allowing all just credits and set-offs, FBG is justly indebted to HPC in an amount of $450,000.00 plus interest.

31.     Although HPC has demanded payment, FBG has failed and refused to fulfill its obligations.

WHEREFORE, Plaintiff HPC prays for a judgment against Defendant FBG in an amount to be proven at trial together with interest thereon at the rate of nine percent (9%) per annum, for costs and attorneys' fees in an amount fair and reasonable, and for further relief the Court deems just and proper.

Respectfully submitted,

McCARTHY, LEONARD, & KAEMMERER, L.C.

By:     */s/Brian E. McGovern*
        Brian E. McGovern, #34677
        bmcgovern@mlklaw.com
        Alexander J. Lindley, #71053
        alindley@mlklaw.com
        825 Maryville Centre Drive, Suite 300
        Town & Country, MO 63017
        314-392-5200
        314-392-5221 (fax)
        *Attorneys for Plaintiff*