**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **HEALTH PAYER CONSORTIUM, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:25-cv-00576** |
| | ) | |
| | ) | |
| **FIRST BRANDS GROUP, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION

COMES NOW, Defendant First Brands Group, LLC, ("Defendant") by and through its undersigned counsel, and submits the following Answer to Plaintiff's Petition:

## PARTIES, JURISDICTION, AND VENUE\

1.      Plaintiff is a Missouri limited liability company with its principal place of business in St. Louis County at 2337 Weldon Parkway, Maryland Heights, Missouri 63146.

ANSWER:      Defendant admits the allegations contained in paragraph 1.


2.      Defendant is a Michigan limited liability company with its principal place of business in Oakland County at 3255 W Hamlin Rd, Rochester Hills, Michigan 48309 at all times relevant doing business within the State of Missouri.

ANSWER:      Defendant denies the allegations contained in paragraph 2. Rather, Defendant states it is a Limited Liability Company organized under the laws of the State of Delaware; that it has a principal place of business in Cleveland, Ohio; and that at all times relevant, it was not doing business within the State of Missouri.

171585038.1

3.     Jurisdiction and venue are proper in this Court pursuant to RSMo. § 508.010.2(4).

ANSWER:     Defendant denies the allegations contained in paragraph 3. Rather, Defendant states that jurisdiction and venue are proper in the State of Ohio.

## FACTUAL BACKGROUND

4.     HPC provides medical costs auditing services to lower the overall costs of healthcare claims for clients by providing cost management solutions such as medical bill review and claim editing to a wide range of businesses, with customers throughout the United States.

ANSWER:     Defendant is without sufficient information or belief to answer the allegations in paragraph 4 and therefore must deny all allegations contained therein.

5.     HPC prides itself on being one of the most efficient and successful companies in the industry thanks to its unique cost management solutions/services and intensive bill review and claim editing processes which allow HPC to deliver the largest savings in the industry on large and small claims including, but not limited to, in and out of network claims.

ANSWER: Defendant is without sufficient information or belief to answer the allegations contained in paragraph 5 and therefore must deny all allegations contained therein.

6.     In early 2023, Kathleen Harris and Amber Hartman, both representatives of FBG contracted with HPC and requested its assistance in settling certain medical claims on behalf of FBG. The claims related to treatment provided for a minor child (identified herein as G.G.) for treatments the minor child received while a patient at Ann & Robert H. Lurie Children's Hospital in Chicago, Illinois (the "Claims"). FBG and HPC entered into a fee agreement in which FBG offered to pay to HPC a fee equal to 25% of the savings realized on the billing.

2

171585038.1

ANSWER:    Defendant denies the allegations contained in paragraph 6.

7.    For several months, HPC expended significant time and resources in its effort to obtain a settlement and reduction of the Claims.

ANSWER: Defendant is without sufficient information or belief to answer the allegations contained in paragraph 7 and therefore must deny all allegations contained therein.

8.    Ultimately, in June 2024 because of HPC's efforts, Ann & Robert H. Lurie Children's Hospital agreed to accept a $2,500,000 payment for at least nine (9) accounts that added up to $5,776,554.51 in billed charges.

ANSWER:    Defendant is without sufficient information or belief to answer the allegations contained in paragraph 8 and therefore must deny all allegations contained therein.

9.    HPC and its consultants had numerous calls with FBG regarding the final settlement and HPC's fees, including Harris, Hartman, and General Counsel Tess Peterson.

ANSWER:    In response to paragraph 9, Defendant admits its employees and/or representatives have had calls with HPC and/or its consultants. Defendant denies all remaining allegations contained in paragraph 9.

10.    On numerous occasions, Ms. Peterson, via telephone calls with HPC's consultant, agreed to both the underlying settlement amount with Ann & Robert H. Lurie Children's Hospital and for HPC's fee.

ANSWER:    Defendant denies the allegations contained in paragraph 10.

171585038.1

11.    Typically, for the services described herein, HPC charges 25% of the savings realized on the billing. However, as a result of these discussions with Ms. Peterson, the parties agreed, on June 20, 2024, to reduce HPC's fee to $450,000.00, just under 14% of savings.

ANSWER:    In response to paragraph 11, Defendant is without sufficient information or belief to answer whether HPC typically charges 25% of the savings realized on billing for the alleged services described herein. In further response, Defendant denies the allegation that the parties agreed to reduce HPC's fee to $450,000.00. Defendant denies all remaining allegations contained in paragraph 11.

12.    Thereafter, HPC made numerous attempts to contact FBG regarding payment of this outstanding amount but to date, FBG has been unresponsive and has refused and/or failed to pay the amounts previously agreed upon.

ANSWER:    Defendant denies the allegations contained in paragraph 12.

## CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT

13.    HPC incorporates by reference the foregoing allegations as though fully set forth herein.

ANSWER:    Defendant restates and incorporates by reference its answers to preceding paragraphs 1 through 12.

4

171585038.1

14.    FBG and HPC entered into a valid and enforceable agreement (the "Agreement") wherein HPC agreed to provide its services to settle certain Claims for FBG in consideration for FBG's payment of HPC's service fees.

ANSWER:    Defendant denies the allegations contained in paragraph 14.

15.    HPC fulfilled all of its obligations under the Agreement by settling the Claims in June, 2024.

ANSWER:    Defendant denies the allegations contained in paragraph 15.

16.    Despite full performance by HPC, FBG refused and failed to pay HPC's fees.

ANSWER:    Defendant denies the allegations contained in paragraph 16.

17.    In failing and/or refusing to pay HPC's fees, FBG materially breached the Agreement.

ANSWER:    Defendant denies the allegations contained in paragraph 17.

18.    HPC did not first materially breach the Agreement with respect to any of the Defendants and has not excused their non-performance.

ANSWER:    Defendant denies the allegations contained in paragraph 18, because Defendant denies there was a valid and enforceable agreement between the parties.

19.    As a direct and proximate result of FBG's' breach, HPC has been damaged.

ANSWER:    Defendant denies the allegations contained in paragraph 19.

5

171585038.1

## COUNT II – UNJUST ENRICHMENT

20.    HPC incorporates by reference the foregoing allegations as though fully set forth herein.

ANSWER: Defendant restates and incorporates by reference its answers to preceding paragraphs 1 through 19.

21.    HPC provided the aforementioned services at the request of FBG.

ANSWER:    Defendant denies the allegations contained in paragraph 21.

22.    As a result, the FBG received a benefit.

ANSWER:    Defendant denies the allegations contained in paragraph 22.

23.    FBG has not compensated HPC for these services.

ANSWER:    In response to paragraph 23, Defendant admits that it did not accept the offer from HPC to settle the subject medical claim in exchange for a commission, and therefore, did not compensate HPC by paying the commission HPC now claims it is owed. In further response, Defendant denies all remaining allegations contained in paragraph 23.

24.    As a result of the foregoing benefits, FBG was enriched at HPC's expense.

ANSWER:    Defendant denies the allegations contained in paragraph 24.

25.    It would be unjust to allow FBG to retain said benefit without compensating HPC.

ANSWER:    Defendant denies the allegations contained in paragraph 25.

## COUNT III – QUANTUM MERUIT

26.     HPC incorporates by reference the foregoing allegations as though fully set forth herein.

ANSWER:    Defendant restates and incorporates by reference its answers to preceding paragraphs 1 through 25.


27.     At the special insistence and request of FBG, HPC furnished certain work and labor for FBG, which was accepted from HPC by FBG.

ANSWER:    Defendant admits that its third-party administrator was authorized to engage HPC for purposes of certain work and labor, which only included reviewing medical bills and identifying potential cost savings, and that HPC was paid for those services. Defendant denies the remaining allegations contained in paragraph 27.


28.     The fair and reasonable value of the work and labor furnished by HPC for FBG, and for which HPC has not been paid, is $450,000.00.

ANSWER:    In response to paragraph 28, Defendant admits that HPC has not been paid $450,000 because there was not a valid agreement between the parties that required Defendant to pay HPC such amount. In further response, Defendant denies all remaining allegations contained in paragraph 28.


29.     The aforesaid work and labor were furnished and supplied by HPC for the benefit of FBG and FBG will be unjustly enriched unless it is obligated to pay HPC the reasonable value of the aforesaid work and labor furnished by HPC, for which HPC has not been paid.

171585038.1

ANSWER: In response to paragraph 29, Defendant admits that HPC has not been paid the commission that Defendant never agreed to pay, because there was not a valid agreement between the parties that required such payment. In further response, Defendant denies all remaining allegations contained in paragraph 29.

30.     After allowing all just credits and set-offs, FBG is justly indebted to HPC in an amount of $450,000.00 plus interest.

ANSWER:     Defendant denies the allegations contained in paragraph 30.

31.     Although HPC has demanded payment, FBG has failed and refused to fulfill its obligations.

ANSWER:     In response to paragraph 31, Defendant admits that HPC has demanded payment for the commission that Defendant never agreed to pay, and that Defendant has not made said payment. In further response, Defendant denies all remaining allegations contained in paragraph 31.

32.     Defendant denies all allegations contained in Plaintiff's Petition, which were not specifically admitted to herein.

## **AFFIRMATIVE DEFENSES**

1.     Defendant states that HPC failed to state any facts in Plaintiff's Petition and did not attach any documents to the Petition evidencing an agreement that would support a valid cause of action.

171585038.1

2.       Plaintiff's Petition fails to state any claims or causes of action that entitle HPC to relief.

3.       Jurisdiction is not proper in the State of Missouri.

4.       Venue is not proper in the County of St. Louis.

5.       HPC failed to state any facts which establish the parties entered into a valid, enforceable agreement.

6.       If HPC took any of the actions it has alleged in Plaintiff's Petition, it did so on its own accord and without the authority or direct knowledge of Defendant.

7.       Based upon HPC's actions and/or omissions, it is estopped from asserting its claims and causes of action.

8.       HPC's claims or causes of action are barred based upon HPC's unclean hands.

9.       HPC waived and/or released its claims or causes of action.

10.       Any alleged agreement between the parties is invalid based upon the lack of valid consideration.

11.       HPC's claims or causes of action are barred based upon laches.

12.        Any actions by HPC allegedly taken on behalf of Defendant were done without authority or acquiescence by Defendant.

13.       Defendant reserves the right to supplement its affirmative defenses after discovery and its investigation are completed.

171585038.1

Respectfully submitted this 2nd day of May 2025.

/s/ *Jason S. Leiker*
Jason S. Leiker          MO Bar No. 53973
**FOX ROTHSCHILD LLP**
4900 Main Street, Suite 150
Kansas City, MO 64112
Tel:  (816) 919-7900
Fax:  (816) 919-7901
EM:  JLeiker@Foxrothschild.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2025, I electronically transmitted this Certificate of Service to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brian E. McGovern
Alexander J. Lindley
**McCARTHY, LEONARD &**
**KAEMMERER, L.C.**
825 Maryville Centre Drive, Suite 300
Town & Country, MO 63107
Tel:     (314) 392.5200
Fax:     (314) 392.5221
bmcgovern@mlklaw.com
alindley@mlklaw.com
**ATTORNEYS FOR PLAINTIFF**

/s/ *Jason S. Leiker*
Jason S. Leiker

171585038.1